IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE BAZLEY,

    Petitioner,

vs.

CAL. DEP'T OF CORRS. & REHAB.,

    Respondent.

No. CIV S-08-2950 DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner, a former state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

1

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

On December 3, 2008, petitioner commenced this action by filing a petition for writ of habeas corpus. Petitioner's sole claim presented in that petition is that parole authorities have denied him due process and equal protection under the law because they have repeatedly denied him "gate money." In this regard, petitioner alleges that, on or about May 11, 2006, he turned himself in to parole authorities on a parole violation. Thereafter, parole authorities conducted a hearing and revoked petitioner's parole. Petitioner served five months of a seven-month sentence and was released on parole again on October 23, 2006. Petitioner alleges that he reported to his parole officer on the same day and requested "gate money." The parole officer told him that he would submit a request for funds that day. However, petitioner alleges that he still has not received his "gate money" despite his repeated requests for it. (Pet. at 5 & Attach.)

**ANALYSIS**

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, his parole revocation proceedings, or any other adjudication that led to his previous incarceration. Accordingly, petitioner is not entitled to habeas corpus relief, and this action should be dismissed. See, e.g., Jacobson v. Cal. Dep't Corrs., No. CIV F-07-1040 LJO SMS HC, 2007 WL 2382043 at *1 (E.D. Cal. Aug. 17, 2007) (petitioner claiming that prison staff denied him "gate money" upon his release was not entitled to habeas corpus relief because he had not challenged the fact or duration of his confinement).

# CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's December 3, 2008 application to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be dismissed; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 10, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
bazl2950.156